**Gregory and Gladys M. STAUFFER, Husband and Wife and Freedom Landmark Corporation**

**v.**

**John HEVENER, Jr., Jeanene Hevener, Sandy Adams, United Equity and Leasing Corporation, Hevener Associates, Inc.**

**Appeal of: John Hevener, Jr.**

**Appeal of: Jeanene Hevener.**

Superior Court of Pennsylvania.

Submitted June 6, 2005.
Filed Aug. 9, 2005.

---

Kathleen D. Dautrich, Reading, for appellant.

Matthew L. Homsher, Lancaster, for appellee.

BEFORE: DEL SOLE, P.J., HUDOCK and KELLY, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 These are appeals from an order reinstating a default judgment against John and Jeanene Hevener ("Appellants").[1] One issue is presented for our review: whether Appellants have satisfied the standard required to open a default

---

**1.** Husband and wife have filed separate appeals at No. 1270 MDA 2004 and No. 1271 MDA 2004. We have consolidated them here for purposes of review.

judgment. We reverse and remand for proceedings consistent with this decision.

¶ 2 Appellees filed a complaint that charged Appellants with breach of fiduciary duty, fraud, negligent misrepresentation, violation of the Racketeer Influenced Corrupt Organizations Act, unfair trade practices, civil conspiracy, and detrimental reliance. The complaint was amended three times by Appellees. Appellants filed preliminary objections to the third amended complaint which the trial court granted, dismissing the suit as barred by the statute of limitations. Upon appeal this Court reversed, ruling that it was an error to dismiss Appellees' action on preliminary objections where the question of time for commencement of the statute of limitations was a factual issue in the case which was best left for a jury to resolve. The case was remanded to the trial court for further proceedings. *Stauffer v. Hevener,* 816 A.2d 342 (Pa.Super.2002) (unpublished memorandum).

¶ 3 Appellees later filed a motion to compel Appellants to file an answer to the third amended complaint. The trial court granted Appellees' motion and entered an order giving Appellants twenty days from the date of service of the order to file their answer. The order was sent to Appellants on January 5, 2004, and was received by Appellants on January 7, 2004. On January 27, 2004, Appellants filed their Answer and New Matter, however, earlier that same day Appellees caused a default judgment to be entered against Appellants.

¶ 4 On February 5, 2004, Appellants filed a petition to strike and/or open the default judgment. The trial court granted Appellants' petition and ordered the de-fault judgment stricken and opened. Appellees filed a motion to reconsider and the trial court vacated its earlier order and reinstated the default judgment. Although Appellants filed a motion to reconsider, the trial court never acted on this motion. Appellants filed this timely appeal.[2]

¶ 5 A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable. *Erie Ins. Co. v. Bullard,* 839 A.2d 383, 386 (Pa.Super.2003). A petition to open a default judgment is an appeal to the discretion of the court which will only be granted if there is a manifest abuse of discretion or error of law. *Id.* On the other hand, a petition to strike a default judgment will only be granted where there is a fatal defect or irregularity that is apparent from the face of the record. *Id.*

¶ 6 In this case, it is appropriate to open the default judgment entered against Appellants. Pennsylvania Rule of Civil Procedure 237.3(b) governs instances where a default judgment is entered against a party and that party files a petition to open the judgment within 10 days of the entry of the judgment. Rule 237.3(b) provides:

> If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

Pa.R.C.P. 237.3(b).

¶ 7 We conclude that Appellants have satisfied the provisions of Rule 237.3(b).[3]

**2.** We note that this appeal is timely because the court's order was entered on July 7, 2004, and the notice of appeal was filed on August 5, 2004, which falls within the 30–day time period required by Pa.R.A.P. 903.

**3.** Further, we find that Appellants are entitled to have the judgment opened because they satisfy the requirements of the traditional test for opening a default judgment: "(1)the petition to open or strike was promptly filed; (2)

The default judgment was entered against Appellants on January 27, 2004, and Appellants filed their petition to strike and/or open the default judgment on February 5, 2004. Appellants filed their petition nine days after the judgment was entered against them, thus complying with the ten-day requirement of Rule 237.3(b). Because Rule 237.3(b) states that a court "shall" open a default judgment in such circumstances, the trial court was required to open the judgment entered against Appellants if they stated a meritorious defense.

 ¶ 8 We find Appellants asserted a meritorious defense that satisfies the final requirement of Rule 237.3(b). In order to have a meritorious defense Appellants need only allege a defense that if proven at trial would provide relief. *Penn–Delco Sch. Dist. v. Bell Atlantic–Pa, Inc.*, 745 A.2d 14, 19 (Pa.Super.1999). In this case Appellants raised a meritorious defense by asserting that Appellees' claims are barred by the statute of limitations. This is a defense that, if proven, would provide relief to Appellants. Indeed this suit was originally dismissed by the trial court because it found the statute of limitations barred the action, and this Court reversed that decision, concluding that the start time of the statute of limitations was a factual determination that should be made by a jury. For these reasons we find the requirements to open a default judgment under Pa.R.C.P. 237.3 have been satisfied.

¶ 9 Appellees argue that, although the petition was filed within ten days, Appellants only attached the first page of their answer to the petition in violation of Rule 237.3(a) which directs that a petitioner attach to the petition a verified copy of the answer which the petitioner seeks leave to file. However, this Court has concluded that looking exclusively at the answer attached to a petition to open a default judgment, when deciding if there is a meritorious defense, is an "overly strict interpretation of Pa.R.C.P. 237.3." *Himmelreich v. Hostetter Farm Supply*, 703 A.2d 478, 479 (Pa.Super.1997). In this case Appellants filed a complete copy of their answer on January 27, 2004. Therefore, Appellees had notice of Appellants' anticipated defenses.

¶ 10 Order reversed. Default judgment opened. Case remanded for further proceedings. Jurisdiction relinquished.

---

the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim." *ABG Promotions v. Parkway Publ'g, Inc.*, 834 A.2d 613, 616 (Pa.Super.2003). Appellants promptly filed their petition within ten days. Appellants seek to excuse the filing of their answer by alleging that under Pa.R.C.P. 403 the answer was timely because service of the order compelling Appellants to answer was complete upon receipt and their answer was filed within twenty days of receipt of the order. Appellees, on the other hand, contend that Pa.R.C.P. 440 applies and service was complete upon mailing. However, we need not reach that issue because we conclude that Rule 237.3 controls. The final prong of the test regarding the assertion of a meritorious defense has also been met by Appellants. *See* discussion *infra.*