J-S10039-15

2015 PA Super 73

GREEN ACRES REHABILITATION AND : IN THE SUPERIOR COURT OF
NURSING CENTER : PENNSYLVANIA
:
v. :
:
HENRY SULLIVAN AND HENRIETTA :
SULLIVAN :
:
APPEAL OF: HENRIETTA SULLIVAN : No. 2084 EDA 2014

Appeal from the Order Entered June 13, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 070301125

BEFORE:  GANTMAN, P.J., STABILE, J., AND PLATT, J.*

OPINION BY GANTMAN, P.J.:                     **FILED APRIL 13, 2015**

Appellant, Henrietta Sullivan, appeals from the order entered in the

Philadelphia County Court of Common Pleas, which denied her petition to

strike a default judgment entered in favor of Appellee, Green Acres

Rehabilitation and Nursing Center ("Green Acres"), in this breach of contract

case.  We affirm.

The relevant facts and procedural history of this appeal are as follows.

Appellant's father, Henry Sullivan, became a resident at Green Acres on

January 21, 2005.[1]  Mr. Sullivan executed a power of attorney ("POA")

agreement, designating Appellant as his agent, on April 28, 2005.  On March

_____

[1] Although Appellant stated in her petition to strike the judgment that Mr.
Sullivan died on December 22, 2007, the record, as it existed at the time the
default judgment was entered, contains no evidence of Mr. Sullivan's date of
death.

_____

*Retired Senior Judge assigned to the Superior Court.

13, 2007, Green Acres filed a complaint against Mr. Sullivan and Appellant, seeking $114,497.13 in damages based on allegations that Mr. Sullivan had failed to pay for nursing home services provided by Green Acres. The complaint included counts of breach of contract, unjust enrichment, and *quantum meruit* against Mr. Sullivan and Appellant, and one count of breach of fiduciary duty against Appellant. In the following months, the complaint was reinstated several times to allow for service. With respect to Appellant, Green Acres served the complaint on September 22, 2007, at Appellant's residence on an adult relative who refused to give her name to the process server. Appellant did not file an answer.

On December 12, 2007, Green Acres sent to Appellant's address via certified mail a ten-day notice of intent to file a *praecipe* for entry of default judgment. The notice stated in relevant part:

> **To:** **Henrietta Sullivan**
> **Date:** **October 24, 2007**
>
> **<u>IMPORTANT NOTICE</u>**
>
> YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS NOTICE TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE FOLLOWING OFFICE TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6300

(***See*** Petition to Strike Judgment, Exhibit F; R.R. at 78a). Fourteen days later, on December 26, 2007, Green Acres filed a *praecipe* for entry of default judgment against Appellant. Green Acres attached to the *praecipe* to enter default judgment a copy of the notice of intent to file the *praecipe* and a certification Green Acres had sent the notice to Appellant. The certification stated in relevant part: "Pursuant to R 4:43-1, the Motion for Final Judgment by Default has been sent by first class U.S. Postal Mail and Certified Mail, return receipt requested to [Appellant], Henrietta Sullivan…." (***See*** Petition to Strike Judgment, Exhibit G; R.R. at 81a). Judgment by default was entered against Appellant in the amount of $114,497.13.[2]

Appellant took no further action in this case until April 10, 2014, when she filed a petition to strike the default judgment on, *inter alia*, the following grounds: (1) the trial division of the Philadelphia Court of Common Pleas lacked subject matter jurisdiction over this case; (2) the judgment was improperly entered against Appellant in her individual, rather than representative, capacity; and (3) Green Acres attached to the *praecipe* to enter default judgment a fatally defective certification that it had sent

---

[2] Mr. Sullivan was personally served with the complaint on May 1, 2007, and served on July 23, 2007, with notice of intent to take a default judgment. Judgment by default against Mr. Sullivan was previously entered on December 12, 2007, in the same amount.

- 3 -

Appellant notice of its intent to file the *praecipe* to enter default judgment.[3]

The trial court denied the petition on June 13, 2014. Appellant filed a motion for reconsideration and a timely notice of appeal on July 8, 2014. On July 9, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), which Appellant timely filed on July 22, 2014. The court denied Appellant's motion for reconsideration on July 30, 2014.

Appellant raises the following issues for our review:

> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT FAILED TO STRIKE (EITHER UPON [APPELLANT'S PETITION] TO STRIKE OR ITS OWN [MOTION]) THE DEFAULT JUDGMENT ENTERED AGAINST [APPELLANT], REGARDLESS OF THE PASSAGE OF TIME, AS VOID DUE TO LACK OF SUBJECT MATTER JURISDICTION IN THE TRIAL DIVISION WHEN ALL ALLEGATIONS OF WRONGDOING AND PRAYERS FOR RELIEF AVERRED IN THE COMPLAINT AGAINST [APPELLANT] ARE AGAINST HER IN HER REPRESENTATIVE CAPACITY AS AGENT FOR HER FATHER, HENRY SULLIVAN, UNDER A FINANCIAL POWER OF ATTORNEY?
>
> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT FAILED TO STRIKE (EITHER UPON [APPELLANT'S PETITION] TO STRIKE OR ITS OWN [MOTION]) THE DEFAULT JUDGMENT ENTERED AGAINST [APPELLANT] IN HER INDIVIDUAL CAPACITY, REGARDLESS OF THE PASSAGE OF TIME, AS VOID FOR FAILURE TO SUE [APPELLANT] IN THE CORRECT CAPACITY, WHEN THE FACE OF THE COMPLAINT FAILS TO CONTAIN ANY ALLEGATIONS OF WRONGDOING OR ANY CLAIM AGAINST [APPELLANT] IN HER INDIVIDUAL CAPACITY, BOTH OF WHICH ARE NECESSARY TO SUPPORT A DEFAULT JUDGMENT AGAINST HER IN THAT CAPACITY?

---

[3] The record fails to show that Appellant properly served the petition to strike on Green Acres.

- 4 -

WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT FAILED TO STRIKE (EITHER UPON [APPELLANT'S PETITION] TO STRIKE OR ITS OWN [MOTION]) THE DEFAULT JUDGMENT ENTERED AGAINST [APPELLANT], REGARDLESS OF THE PASSAGE OF TIME, AS VOID DUE TO A DEFECTIVE PROOF OF SERVICE OF THE NOTICE OF INTENT TO TAKE A DEFAULT JUDGMENT WHICH (A) FAILS TO CERTIFY THAT A WRITTEN NOTICE OF *PRAECIPE* TO ENTER JUDGMENT WAS MAILED OR DELIVERED AS REQUIRED BY [PA.R.C.P.] 237.1(A)(2), BUT RATHER CITES TO A NEW JERSEY RULE OF CIVIL PROCEDURE, WHICH IS OF NO EFFECT IN THE COMMONWEALTH OF PENNSYLVANIA AND (B) REFERENCES THE SERVICE OF A "MOTION FOR FINAL JUDGMENT BY DEFAULT" AND NOT A NOTICE OF *PRAECIPE* TO ENTER DEFAULT JUDGMENT AS REQUIRED BY THE RULE; BOTH OF WHICH REMOVED THE PROTHONOTARY'S AUTHORITY TO ENTER SUCH A DEFAULT JUDGMENT?

(Appellant's Brief at 4).[4]

In her first issue, Appellant argues all allegations against her in Green Acres' complaint concern Appellant's alleged wrongdoing in her capacity as Mr. Sullivan's POA. Appellant asserts all prayers for relief in the complaint

---

[4] In a footnote in the statement of the case in her brief, Appellant also complains Green Acres' service of the complaint was improper because the return of service did not indicate how the process server identified the person served as a relative of Appellant or a person in charge of Appellant's residence. Nevertheless, this argument appears nowhere in the argument section of Appellant's brief. Appellant also fails to include this issue in her statement of the questions involved. Moreover, the footnote contains no citations to relevant authority. For these reasons, Appellant's short footnote commentary regarding improper service is waived. *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority); ***Commonwealth v. Johnson***, 604 Pa. 176, 985 A.3d 915 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (explaining appellant waives issue on appeal where she fails to present claim with citations to relevant authority or to develop issue in meaningful fashion capable of review).

likewise refer to her as "Power of Attorney, Henrietta Sullivan." Appellant contends the trial division lacked subject matter jurisdiction over the claims against her because the Orphans' Court Division has "mandatory" jurisdiction over matters pertaining to an agent's actions under a POA. Appellant concludes the default judgment is void on its face, and the court erred when it denied Appellant's petition to strike the default judgment on this basis. We disagree.

An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. *Oswald v. WB Public Square Associates, LLC*, 80 A.3d 790, 793 (Pa.Super. 2013). Issues regarding the operation of procedural rules of court present us with questions of law. *Id.* Therefore, "our standard of review is *de novo* and our scope of review is plenary." *Id.*

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Midwest Financial Acceptance Corp. v. Lopez*, 78 A.3d 614, 622-23 (Pa.Super. 2013). "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Oswald, supra* at 794. A fatal defect on the face of the record denies the prothonotary the authority to

enter judgment. ***Erie Ins. Co. v. Bullard***, 839 A.2d 383, 388 (Pa.Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. ***Id.*** "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 549 Pa. 84, 90, 700 A.2d 915, 917 (1997).

> A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time. A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same "timeliness" considerations as a petition to open the judgment.

***Flynn v. Casa Di Bertacchi Corp.***, 674 A.2d 1099, 1105 (Pa.Super. 1996).

Article V, Section 5 of the Pennsylvania Constitution states as follows:

**§ 5.  Courts of common pleas**

There shall be one court of common pleas for each judicial district (a) having such divisions and consisting of such number of judges as shall be provided by law, one of whom shall be the president judge; and

(b) having unlimited original jurisdiction in all cases except as may otherwise be provided by law.

- 7 -

Pa. Const. art. 5, § 5. ***See also*** 42 Pa.C.S.A. § 931(a) (stating: "Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule…vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings…."); ***Posner v. Sheridan***, 451 Pa. 51, 299 A.2d 309 (1973) (explaining 1968 Pennsylvania Constitution abolished former system of separate trial courts and combined them into unified common pleas system).

The Judicial Code establishes three separate divisions within the Philadelphia County Court of Common Pleas:

**§ 951.  Court divisions**

**(a)   Philadelphia County.—**The Court of Common Pleas of Philadelphia County shall have the following divisions:

(1)  Trial division.

(2)  Orphans' court division.

(3)  Family court division.

42 Pa.C.S.A. § 951(a).  Section 711 of the Probate, Estates and Fiduciaries Code provides in relevant part as follows:

**§ 711.   Mandatory exercise of jurisdiction through orphans' court division in general**

Except as provided in section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County),[5] the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:

---

[5] Section 713 addresses matters relating to adoptions and birth records.

\* \* \*

**(22) Agents.**—All matters pertaining to the exercise of powers by agents acting under powers of attorney as provided in…Chapter 56 (relating to powers of attorney).

20 Pa.C.S.A. § 711(22). Section 952 of the Judicial Code, however, states the following:

### § 952. Status of court divisions

The divisions of a court of common pleas are administrative units composed of those judges of the court responsible for the transaction of specified classes of the business of the court. In a court of common pleas having two or more divisions **each division of the court is vested with the full jurisdiction of the whole court**, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules.

42 Pa.C.S.A. § 952 (emphasis added). With respect to matters filed in the wrong division, Section 5103(c) directs:

### § 5103. Transfer of erroneously filed matters

\* \* \*

**(c) Interdivisional transfers.**—If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

*Id.* § 5103(c). With reference to these constitutional and statutory provisions, our Supreme Court explained:

[J]urisdictional restraints upon the former common pleas

> court under the old system no longer exist. The court of common pleas, as reconstituted, possesses the jurisdictions of the former courts of common pleas, courts of quarter sessions, courts of oyer and terminer, orphans' courts, and juvenile courts. One of the purposes of the unified court is, of course, to simplify procedure and remove archaisms from the judicial system. A case may not be dismissed because brought in the wrong court; if the matter is justiciable, there is jurisdiction in the court of common pleas to hear it, and in a multi-division court the remedy for bringing the case in the wrong division is not a dismissal, but a transfer of the matter to the correct division.

*Gorden v. Cutler*, 471 A.2d 449, 453 (Pa.Super. 1983) (quoting

*Commonwealth v. Waszinski*, 485 Pa. 247, 254-55, 401 A.2d 1129, 1132

(1978)).

Instantly, Green Acres filed its complaint for breach of contract in the

trial division of the Philadelphia County Court of Common Pleas. As

Appellant concedes, the court of common pleas had subject matter

jurisdiction over this case. *See* 42 Pa.C.S.A. 931(a). Thus, as a division of

the court of common pleas, the trial division was vested with the full

jurisdiction of the whole court to hear the case. *See* 42 Pa.C.S.A. § 952;

*Gorden, supra*. The question of whether the trial division was the

appropriate administrative unit to hear the case is immaterial to the issue of

subject matter jurisdiction.

Moreover, the complaint sought damages based on Mr. Sullivan's

alleged failure to pay for nursing home services in accordance with his

contract with Green Acres. All allegations in the complaint stemmed from

Mr. Sullivan's alleged debt to Green Acres. The allegations against Appellant, which concerned her failure to exercise her POA to pay this debt with Mr. Sullivan's funds, were wholly derivative of the claims for breach of contract and unjust enrichment against Mr. Sullivan. Green Acres included the allegations against Appellant as an alternative means to recover the money damages it sought from her father. The gravamen of the complaint is that Mr. Sullivan breached his contract with Green Acres. Although irrelevant to the question of whether the trial division had subject matter jurisdiction, this case fell outside the scope of 20 Pa.C.S.A. § 711(22), in any event. Even if Green Acres had filed its complaint in the wrong division as an administrative matter, the proper action would be to transfer the case to the correct division, not to dismiss the case for lack of subject matter jurisdiction. **See** 42 Pa.C.S.A. § 5103(c). Therefore, the trial division had subject matter jurisdiction over this case. **See Gorden, supra**.

In her second issue, Appellant argues the caption of the complaint indicates Appellant was sued in her individual capacity even though all of the allegations against Appellant concerned her actions as Mr. Sullivan's agent under a POA. Appellant asserts an allegation against her in her individual capacity was "an absolute prerequisite to the entry of a default judgment against her in that capacity." (Appellant's Brief at 20). Appellant contends the statute of limitations has now run on Green Acres' claims, and the default judgment cannot be amended to name Appellant in her

representative capacity. Appellant concludes this alleged defect is clear on the face of the complaint and renders the default judgment void. We disagree.

"A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." **Stauffer v. Hevener**, 881 A.2d 868, 870 (Pa.Super. 2005) (opening, not striking, default judgment based on meritorious statute of limitations defense raised in appellant's petition to strike and/or open default judgment).

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

**Graziani v. Randolph**, 856 A.2d 1212, 1223 (Pa.Super. 2004), *appeal denied*, 583 Pa. 663, 875 A.2d 1075 (2005). "Conversely, a petition to strike a default judgment should be granted where a fatal defect or irregularity appears on face of record." **Erie Ins. Co., supra** at 386.

> Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense…. In making this determination, a court can consider facts not before it at the time the judgment was entered.

**Mother's Restaurant, Inc. v. Krystkiewicz**, 861 A.2d 327, 336

(Pa.Super. 2004) (*en banc*) (quoting **Cintas Corp., supra** at 93-94, 700 A.2d at 918-19).

Here, Appellant averred in her petition to strike the default judgment that Mr. Sullivan died on December 22, 2007, four days before the default judgment was entered. Mr. Sullivan's death would have terminated the POA, as there is no evidence the POA was coupled with an interest that made it irrevocable. **See Appeal of Yerkes**, 99 Pa. 401, 401 (1882) (stating: "A power of attorney ceases to be operative upon the death of the party giving it, unless it is coupled with such an interest as renders it irrevocable"). **See generally In re Estate of Eastman**, 760 A.2d 16 (Pa.Super. 2000) (stating death of principal operates as instantaneous and absolute revocation of agent's authority to act for principal unless agency is coupled with irrevocable interest). Thus, at the time the default judgment was entered against Appellant, she might no longer have been Mr. Sullivan's agent. Under those circumstances, a default judgment could not have been entered against Appellant in her "representative capacity" because that capacity no longer existed. Here, the default judgment was entered against Appellant in her individual capacity, not as Mr. Sullivan's POA.

Additionally, Appellant is incorrect to suggest as a general matter that an agent acting under a POA cannot be held personally liable for her acts or omissions under a POA. **See Metcalf v. Pesock**, 885 A.2d 539 (Pa.Super. 2005) (holding decedent's former agent under POA was liable for invalid gift

he made to himself during decedent's lifetime while POA was still effective). To the extent Appellant argues she cannot be held personally liable based on the specific allegations in Green Acres' complaint, this claim is an inappropriate ground to strike a default judgment because it goes to the merits or allegations in the complaint and does not involve a fatal defect or irregularity on the face of the record. ***See Erie Ins. Co., supra***. Appellant should have raised this defense, if at all, in a petition to open the judgment, which is a distinct remedy Appellant failed to seek. ***See Graziani, supra***; ***Mother's Restaurant, Inc.*** Therefore, the trial court properly declined to strike the default judgment on this ground.

In her third issue, Appellant argues the certification Green Acres attached to its *praecipe* to enter default judgment failed to comply with Pa.R.C.P. 237.1. Specifically, Appellant contends the certification attached to the *praecipe* to enter default judgment (1) improperly referred to a "motion for final judgment by default" and (2) cited an inapplicable New Jersey Rule of Civil Procedure. Appellant concludes Green Acres' certification was fatally defective and provides an alternative ground to strike the default judgment. We disagree.

Rule 237.1 of the Pennsylvania Rules of Civil Procedure deals with notice of intent to take a default judgment and provides in relevant part as follows:

> **Rule 237.1 Notice of Praecipe for Entry of Judgment**
> **of Non Pros for Failure to File Complaint or by**

**Default for Failure to Plead**

(a)(1)    As used in this rule,

\*    \*    \*

"judgment by default" means a judgment entered by praecipe pursuant to Rules 1037(b), 1511(a), 3031(a) and 3146(a).

(2)        No judgment…by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

\*    \*    \*

    (ii)    in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

The ten-day notice period in subdivision [(a)(2)(ii)] shall be calculated forward from the date of the mailing or delivery, in accordance with Rule 106.

(3)        A copy of the notice shall be attached to the praecipe.

Pa.R.C.P. 237.1(a)(1), (2)(ii), (3).  The intent of Rule 237.1 is to allow the defaulting party a full ten-day period to cure the default.  ***Acre v. Navy Brand Mfg. Co.***, 571 A.2d 466, 469 (Pa.Super. 1990).  This rule operates in tandem with Rule 237.5, which provides:

**Rule 237.5   Form of Notice of Praecipe to Enter Judgment by Default**

The notice required by Rule 237.1(a)(2) shall be substantially in the following form:

**(CAPTION)**

To: _____
(Defendant)

Date of Notice: _____

**IMPORTANT NOTICE**

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

_____
(Name of Office)

_____
(Address of Office)

_____
(Telephone Number)

_____
(Signature of Plaintiff or Attorney)

_____
(Address)

Pa.R.C.P. 237.5.

Under the doctrine of substantial compliance, the trial court may "overlook any **procedural** defect that does not prejudice a party's rights." ***Womer v. Hilliker***, 589 Pa. 256, 267, 908 A.2d 269, 276 (2006) (emphasis in original). "[P]rocedural rules are not ends in themselves, and…rigid application of [the Rules] does not always serve the interest of fairness and justice." ***Id.*** Rule 126 incorporates the doctrine of substantial compliance into the Pennsylvania Rules of Civil Procedure as follows:

> **Rule 126. Liberal Construction and Application of Rules**
>
> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126. Rule 126 allows an equitable exception for parties "who commit a misstep when attempting to do what any particular rule requires." ***Womer, supra*** at 268-69, 908 A.2d at 276. Rule 126 does not excuse a party's complete noncompliance with the rules, but Rule 126 "is available to a party who makes a substantial attempt to conform." ***Id.*** at 271, 908 A.2d at 278 (holding there was no compliance, where party failed to take any steps to conform with Rule 1042.3 for filing certificate of merit); ***Pomerantz v. Goldstein***, 479 Pa. 175, 178, 387 A.2d 1280, 1281 (1978) (holding appellant substantially complied with Rule 1038(d) for filing exceptions,

although pleading was erroneously titled motion for new trial, and appellee suffered no prejudice when trial court considered appellant's pleading). **Compare Oswald, supra** at 796 (holding ten-day notice was defective because it contained generic language from outdated rule and failed to conform to amended language required under current Rule 237.5).

Instantly, Green Acres filed a *praecipe* for entry of default judgment against Appellant on December 26, 2007. The *praecipe* included a certification that Green Acres had sent Appellant, via certified mail, a ten-day notice of its intent to seek a default judgment. Mail receipts in the certified record indicate the ten-day notice was delivered to Appellant's address on December 12, 2007. Green Acres also attached to the *praecipe* a copy of the ten-day notice, which complied with Pa.R.C.P. 237.5. Although the certification attached to Green Acres' *praecipe* mistakenly referred to a "Motion for Final Judgment by Default" and an analogous New Jersey rule of court regarding entry of default judgment, the language of the actual ten-day notice sent to Appellant was virtually identical to the language set forth in current Rule 237.5.

Additionally, Green Acres sent the ten-day notice to Appellant more than ten days before it filed the *praecipe* for entry of default judgment. Thus, Green Acres fulfilled the purpose of Rule 237.1, which is to allow the defaulting party a full ten-day period to cure the default. **See Acre, supra**. Appellant fails to explain how Green Acres' alleged misstep in its certification

attached to the *praecipe* prejudiced Appellant in any way. A review of the record as a whole reveals Green Acres had substantially complied with the applicable ten-day notice requirements before it sought entry of a default judgment against Appellant. ***See*** Pa.R.C.P. 237.1; Pa.R.C.P. 237.5; ***Womer, supra***; ***Oswald, supra***.

Based on the foregoing, we conclude Appellant failed to demonstrate a fatal defect on the face of the record as it existed when judgment was entered. ***See Midwest Financial, supra***. Therefore, the court properly denied Appellant's petition to strike the default judgment. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015