J-S07018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SONJA ALBERTA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REED BIGHAM | : | |
| | : | |
| Appellant | : | No. 411 WDA 2021 |

Appeal from the Order Entered February 18, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  GD 20-009191

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED: APRIL 01, 2022**

Reed Bigham appeals the order denying his petition to strike or open the default judgment entered in favor of Sonja Alberta.  We reverse the order and remand for further proceedings.

Given our disposition, a detailed factual and procedural history is unnecessary.  Alberta commenced this action to recover loans she made to Bigham.  A sheriff served Bigham with a copy of the complaint on September 22, 2020.  Bigham had twenty days to respond to the complaint; hence, his response was due on or before October 12, 2020.  As no response to the complaint had been filed as of October 12, 2020, Alberta served an Important Notice on Bigham on that date via first class mail.  The Important Notice advised Bigham of Alberta's intent to file a praecipe for entry of a default

_____

[*] Retired Senior Judge assigned to the Superior Court.

judgment and provided Bigham with an additional ten days to act before such judgment could be entered. Because Bigham again failed to file a response, on October 23, 2020, Alberta filed a praecipe to enter default judgment against Bigham. Attachments to the praecipe included a certification that the Important Notice was mailed to Bigham, and copies of the notice and the certificate of service for the notice, both dated October 12, 2020. On December 12, 2020, Alberta filed a praecipe for a writ of execution of the default judgment.

On January 7, 2021, Bigham filed a petition to strike or open the default judgment. The trial court scheduled a hearing for February 10, 2021. At the hearing, the court and the parties focused solely on the petition to open the default judgment. At the conclusion of the hearing, the trial court denied the petition to strike or open. The order denying the petition was entered on February 18, 2021. Bigham filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Bigham raises the following issues for our review:

1. Whether the [trial court] erred as a matter of law in failing to strike the default judgment for [Alberta's] failure to follow the proper procedures to obtain a default judgment when the Important Notice was served on [Bingham] prior to the time required to plead to the complaint in contravention of Pa.R.Civ.P. 237.1(a)(2)(ii), and Pa.R.Civ.P. 237.1(a)(4).

2. Whether the [trial court] erred as a matter of law in determining that [Bigham] failed to show a meritorious defense, that defense being the statute of limitations.

3. Whether the [trial court] abused its discretion in refusing to open the default judgment for failure to show a meritorious defense.

Bigham's Brief at 6 (issues renumbered).

Bigham's first issue concerns his petition to strike the default judgment. In reviewing this issue, we are guided by the following:

> An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

*Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267-68 (Pa. Super. 2015) (internal citations, quotation marks, brackets, and italicization omitted).

Of relevance to this appeal, Rule 237.1 prohibits the trial court prothonotary from entering a default judgment against a party "unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered . . . **after the failure to plead to a**

- 3 -

J-S07018-22

*complaint* and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.Civ.P. 237.1(a)(2)(ii) (emphasis added).

Here, Bigham contends that Alberta failed to comply with Rule 237.1(a)(2)(ii) by mailing the Important Notice on October 12, 2020. He claims that, rather than wait until *after Bigham failed to plead to the complaint* to serve him with notice of the Important Notice, Alberta served him with such notice *during* the period in which Bigham was permitted to plead to the complaint.

The trial court agrees that, because Alberta prematurely served Bigham with the Important Notice on the final day that he could have filed a response to the complaint, "a fatal defect may appear of record." Trial Court Opinion, 8/9/21, at unnumbered 2.

Based on our review of the record, we conclude that Alberta prematurely mailed the Important Notice to Bigham. Given that Bigham had until October 12, 2020, to respond to the complaint, the first day on which Alberta could have mailed or served the Important Notice was October 13, 2020.

We further conclude that this fatal defect or irregularity was apparent in the record at the time the default judgment was entered, as the Important Notice and the certificate of service for the notice, both dated October 12, 2020, were attached to Alberta's praecipe to enter default judgment. Therefore, as the prothonotary lacked authority to enter the default judgment,

- 4 -

it is void *ab initio*. Accordingly, the trial court should have granted the petition to strike the default judgment. We therefore reverse the order denying the petition to strike and remand for further proceedings.

Given our disposition of Bigham's first issue, we need not address his remaining issues.

Order reversed, case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/01/2022