J-S01006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANDRA VRANKA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SAMUEL SAMPSON | : | No. 485 WDA 2022 |

Appeal from the Order Entered March 29, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  AR-89-004988

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 2, 2023**

Appellant, Sandra Vranka ("Vranka"), appeals from the order entered in the Court of Common Pleas of Allegheny County on March 29, 2022, granting the petition to strike a default judgment filed by the *pro se* appellee, Samuel Sampson ("Sampson").[1, 2]  After careful review, we reverse in part and vacate in part.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Sampson was represented by counsel at the time his petition to strike was filed.  Counsel subsequently filed a motion to withdraw from representation of Sampson in this matter, which was granted by the trial court on June 3, 2022. ***See*** Motion to Withdraw, 6/3/2022, at 1-2 (unpaginated); Trial Court Order, 6/3/2022 (single page).

[2] Based on our review of the record, we further note that Vranka appears to be deceased and that Nationwide Insurance Company ("Nationwide") is the purported real party in interest in this subrogation matter, proceeding under the Pennsylvania Rule of Civil Procedure 2002(d) subrogee exception.  ***See***
*(Footnote Continued Next Page)*

The trial court summarized the procedural history and relevant facts of this matter as follows:

On July 12, 1989, [Vranka] filed a default judgment against [Sampson] in the amount of $2,785.87[,] related to an automobile accident. After Sampson failed to satisfy the judgment, the Allegheny County Prothonotary forwarded a copy of the judgment to the Pennsylvania Department of Transportation ("PennDOT")[,] pursuant to 75 Pa.C.S.[] § 1771(a).[3] PennDOT issued a License Revocation to Sampson[,] pursuant to 75 Pa.C.S.[] § 1772(a).[4]

Over thirty-two … years later[,] Sampson filed a Petition to Strike Judgment on March 29, 2022, that was presented to … the Court of Common Pleas of Allegheny County, Civil Division. Sampson averred in his petition that he has not resided in Pennsylvania for a majority of the past thirty-two years and had been a licensed driver in Virginia before recently moving to New Hampshire. Upon applying for a New Hampshire driver's license, Sampson[,] for the first time[,] became aware that his driver's license was suspended in Pennsylvania due to Vranka's default judgment. Sampson averred that he had maintained a legal Virginia driver's license since leaving Pennsylvania many years ago. The record reflects that Vranka has not taken any action to revive or attempt to collect on the judgment for the past thirty-two[-]plus years.

_____

Motion to Withdraw at 1 ¶ 4 (averring that Vranka "is long ago deceased" and that Nationwide has a subrogation interest in the judgment entered against Sampson); Pa.R.Civ.P. 2002(a) (requiring that all actions be prosecuted by and in the name of the real party in interest); Pa.R.Civ.P. 2002(d) (providing that Rule 2002(a) is not mandatory where a subrogee is a real party in interest).

[3] "Whenever any person fails within 60 days to satisfy any judgment arising from a motor vehicle accident, the judgment creditor may forward to [PennDOT] a certified copy of the judgment." 75 Pa.C.S. § 1771(a).

[4] "[PennDOT], upon receipt of a certified copy of a judgment, shall suspend the operating privilege of each person against whom the judgment was rendered except as otherwise provided in this section and in section 1775 (relating to installment payment of judgments)." 75 Pa.C.S. § 1772(a).

Sampson argued that since Vranka failed to take any actions to revive or pursue collection of her judgment for more than thirty-two … years[,] that she has for all practical purposes abandoned it. Sampson relied on the twenty-year limitation in 42 Pa.C.S.[] § 5529[,] precluding the execution on personal property for judgments more than twenty years old.[5] The legal consequence of this statute is that it precludes Vranka from ever collecting on her judgment through a writ of execution[,] because she failed to take any action in the interim thirty-two[-]plus years. Sampson also averred that he never received notice of entry of the default judgment and does not owe Vranka the judgment related to an automobile accident.

Vranka filed a [r]esponse[,] arguing Sampson's reliance on [Section] 5529 was misplaced, because the statute only deals with her right to execute against Sampson's personal property to collect on the judgment and the priority of her lien against any real property owned by Sampson in Pennsylvania. Vranka also argued that a judgment itself does not have a limited shelf life and cited the Pennsylvania Supreme Court's decision in **Shearer v. Naftzinger**, 747 A.2d 859 ([Pa.] 2000). Vranka argued that even if she could not execute on the judgment, as a matter of law[,] the judgment still exists. On March 29, 2022, [the court] issued an [o]rder striking the judgment based on Vranka's lack of effort to revive or pursue her judgment during the past thirty-two[-]plus years[.] [The court] also permitted Sampson to try to obtain a driver's license since he had a valid Virginia driver's license for thirty[-]plus years.

Trial Court Opinion ("TCO"), 6/22/2022, at 2-3.

On April 27, 2022, Vranka filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on June 22, 2022. Vranka now presents the following issues for our review:

---

[5] "An execution against personal property must be issued within 20 years after the entry of the judgment upon which the execution is to be issued." 42 Pa.C.S. § 5529(a).

- 3 -

1. Whether, by its language, the trial court's order purports to restore [Sampson's] driving privileges[?]

2. Whether the trial court frustrated the statutory purpose of the Pennsylvania Motor Vehicle Financial Responsibility Law (["]MVFRL["])[?[6]]

3. Whether the trial court committed reversible error by misapplying the presumption of payment after 20 years[?]

4. Whether the trial court abused its equitable power and committed reversible error by striking [Vranka's] judgment[?]

Vranka's Brief at 2 (unnecessary capitalization omitted).

Preliminarily, we address whether this matter is properly before us, because "the question of appealability implicates the jurisdiction of our court." *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004) (citation omitted). While an order refusing to strike a judgment is an interlocutory order from which an appeal as of right may be taken, *see* Pa.R.A.P. 311(a)(1), an order granting a motion to strike a judgment is generally not appealable, as such an order anticipates further litigation. *See McCutcheon v. Philadelphia Elec. Co.*, 788 A.2d 345, 349 (Pa. 2002) (noting that an appeal properly lies only from a final order unless otherwise permitted by rule or by statute); *see also* Pa.R.A.P. 341(b)(1) (defining a final order as one that disposes of all claims and parties to an action); *United Parcel Service v. Hohider*, 954 A.2d 13 (Pa. Super. 2008) (explaining that an order granting a motion to strike a judgment anticipates further litigation, as it places the parties back in the position they were in prior

_____

[6] *See* 75 Pa.C.S. §§ 1701-1799.7.

- 4 -

to the entry of the judgment). Thus, on July 15, 2022, this Court issued a rule to show cause why this appeal should not be quashed.

Vranka filed a timely response, in which she expressed confusion over our statement that an order granting a motion to strike a judgment is "generally not appealable," and articulated that the March 28, 2022 order from which she appealed is a final order, as it "disposed of the one and only claim … between the only two parties to the action." Response to Rule to Show Cause, 7/25/2022, at 3. Vranka added that the *Hohider* Court's conclusion regarding the appealability of an order granting a motion to strike a judgment is "a mystery[,]" and averred that

> [t]his **seemingly random** assertion was … severely undercut by the actual holding in *Hohider* … that …, under the circumstances here, … the order striking the judgment ends the litigation as to all parties and all claims. Such an order is a final order as defined in Pa.R.A.P. 341(b) and an appeal may be taken as of right. *See* Pa.R.A.P. 341(a).

*Id.* (emphasis added). Based on the foregoing, the rule to show cause was discharged, and the issue as to the propriety of this appeal was deferred to the merits panel.

In response to Vranka's comments concerning the *Hohider* decision, we note that the Court's proclamation regarding the appealability from an order granting a motion to strike a judgment is far from "random." It is well-settled that such an order is generally not appealable, as it anticipates further litigation. *See Digital Communications Warehouse, Inc. v. Allen Investments, LLC*, 223 A.3d 278, 284 (Pa. Super. 2019) ("By its nature, an

order striking a default judgment is not a final order that disposes of the matter. Instead, such an order 'annuls the original judgment and the parties are left as if no judgment had been entered.'") (quoting ***Resolution Trust Corp. v. Copley Qu-Wayne Associates***, 683 A.2d 269, 273 (Pa. 1996)). It was only due to the specific circumstances of the ***Hohider*** case that the Court deemed the order striking the judgment to be a final, appealable order. ***See Hohider***, 954 A.3d at 16 (recognizing that, in light of its order striking the judgment, the plaintiff would be required to file a new, separate civil action to enforce its right to a third-party subrogation settlement; thus, "**under the circumstances here**, … the order striking the judgment ends the litigation as to all parties and all claims") (emphasis added).

In the matter *sub judice*, the trial court applied the equitable doctrine of laches and found that Vranka is barred from seeking relief due to her lack of due diligence to revive her lien and collect on her judgment. ***See*** TCO at 4.[7] Based on the trial court's ruling, Vranka is precluded from pursuing her action against Sampson. Thus, under the circumstances in this matter, the trial court's order granting Sampson's motion to strike the default judgment effectively ends the litigation. Accordingly, we consider the March 28, 2022 order a final order as defined in Pa.R.A.P. 341(b) and proceed with addressing the merits of Vranka's claims.

_____

[7] We need not consider at this juncture whether the doctrine of laches was properly applied by the trial court.

For ease of disposition, we begin with Vranka's final issue regarding whether the trial court erred in striking the default judgment. In doing so, we remain mindful of the following, well-established principles:

> An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. ***Oswald v. WB Public Square Associates, LLC***, 80 A.3d 790, 793 (Pa. Super. 2013). Issues regarding the operation of procedural rules of court present us with questions of law. ***Id.*** Therefore, "our standard of review is *de novo* and our scope of review is plenary." ***Id.***
>
> "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Midwest Financial Acceptance Corp. v. Lopez***, 78 A.3d 614, 622-23 (Pa. Super. 2013). "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." ***Oswald***, ***supra*** at 794. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. ***Erie Ins. Co. v. Bullard***, 839 A.2d 383, 388 (Pa. Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. ***Id.*** "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, … 700 A.2d 915, 917 ([Pa.] 1997).

***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1267-68

(Pa. Super. 2015) (some brackets added).

> A petition to open a judgment, on the other hand, is an appeal to the court's equitable powers and is a matter of judicial discretion. In considering a petition to open a judgment, the court may consider matters *dehors* the record. Therefore, a petition to open a judgment is the proper method of seeking relief from a judgment where the irregularity of the judgment is predicated upon matters outside the record.

***Cargitlada v. Binks Mg. Co.***, 837 A.2d 547, 550 (Pa. Super. 2003) (internal citations omitted).

> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint…. [T]he trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria.

***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 175-76 (Pa. Super. 2009) (internal citations omitted). "The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. The defense does not have to prove every element of its defense; however, it must set forth the defense in precise, specific and clear terms." ***Seeger v. First Union Nat. Bank***, 836 A.2d 163, 166 (Pa. Super. 2003) (citation and internal brackets omitted). We further recognize that "[a] petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." ***Green Acres***, 113 A.3d at 1270 (quoting ***Stauffer v. Hevener***, 881 A.2d 868, 870 (Pa. Super. 2005)).

Instantly, Sampson elected to file a petition to strike the default judgment entered against him in favor of Vranka. His petition, however, did not allege any defect or irregularity on the face of the record that would affect the validity of the judgment. Rather, he sought to strike the judgment on the following grounds: he was not aware of the underlying action until he recently received notification of the judgment from the New Hampshire drivers'

licensing body; Vranka has "abandoned" the judgment as a result of her failure to revive and/or collect on the judgment for over 32 years; and he "does not owe the judgment amount." Petition to Strike at ¶¶ 5-10.

In support of its decision to grant Sampson's petition to strike, the trial court opined that it "struck Vranka's judgment based on [its] equitable powers." TCO at 4. It explained that "Vranka's inaction for thirty-two[-]plus years to preserve her lien or collect on the judgment was indeed a major factor in [its] decision…." *Id.* *See also id.* (stating that it struck the judgment "because of Vranka's lack of due diligence to revive her lien or collect on her judgment during the preceding thirty-two … years"). The court concluded that the equitable doctrine of laches applies in this case, barring Vranka from relief. *See id.*

Vranka claims that the trial court erred in exercising its equitable powers to strike the default judgment. We agree. There is no question that the trial court based its decision to strike the judgment on equity. *See id.* (expressly stating that the court struck the judgment "based on [its] equitable powers"); *id.* at 5 ("Relying on the equitable doctrine of laches …, [the court] properly exercised [its] equitable powers to strike the judgment in this matter."). As stated *supra*, a petition to strike a judgment may **only** be granted for a fatal defect or irregularity appearing on the face of the record. *See Green Acres*, *supra.* *See also Cargitlada v. Binks Mfg. Co.*, 837 A.2d 547, 549-50 (Pa. Super. 2003) ("A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record.") (citation

omitted). As the trial court made no finding of a fatal defect on the face of the record and based its decision solely on principles of equity, its striking of the judgment in this matter was improper.

Additionally, it is well-established that when considering a petition to strike a judgment, the court is limited to a review of the record as it existed at the time the judgment was entered. **See Green Acres**, **supra**. However, our review of the record reveals that, in striking the judgment, the trial court considered facts outside of the original record. For instance, in response to Sampson's claim that he only recently learned of the default judgment entered against him, the trial court "found Sampson's averment that he had no notice and/or knowledge of the default judgment credible, because during the past thirty-two … years[,] he possessed a valid Virginia driver's license and had no reason to believe his license was suspended in Pennsylvania." TCO at 4. On its face, however, the record at the time of judgment indicated that Sampson was properly served with the complaint, as well as notice of the default judgment. **See** Complaint, 5/15/1989, at ¶ 2 (indicating Sampson's residential address as 818 Arlington Avenue, McKeesport, Pennsylvania, 15133 ("818 Arlington Avenue")); Sheriff's Directions, 5/15/1989 (directing the sheriff of Allegheny County to serve Sampson with a copy of the complaint at 818 Arlington Avenue) (single page); Sheriff's Return, 5/31/1989 (confirming that service of the complaint was made on Sampson on 5/30/1989) (single page); Notice of Default Judgment, 6/27/1989 (providing Sampson with a 10-day notice of intention to file a praecipe of default

judgment pursuant to Pa.R.Civ.P. 237.1(c), via regular first-class mail addressed to him at 818 Arlington Avenue). Based on the foregoing, we discern no fatal defect to justify the trial court's striking of the default judgment.

Similarly, the trial court failed to limit its scope of review to the record as it existed at the time of judgment when considering Sampson's bald assertion that he "does not owe the judgment." **See** Petition to Strike at ¶ 8. On its face, the record indicates that, on November 17, 1988, Sampson's vehicle struck and damaged Vranka's vehicle; the accident was the direct and proximate result of Sampson's negligence; and as a direct and proximate cause of Sampson's negligence, Vranka suffered damages totaling $2,785.87. Complaint at ¶¶ 3-6. **See also id.** at Exhibit A (containing documentation in support of the damages amount). The trial court, however, applied a presumption of payment in favor of Sampson and struck the judgment. **See** TCO at 5 (citing **Coleman & Stahl v. Weimer**, 1925 WL 5086 at *2 (Pa. Super. Jan. 1, 1925) ("[W]hen a judgment remains unclaimed and in repose for a period of twenty years, the law raises a presumption of fact in favor of the debtor, which presumption of fact by the law is equivalent to direct proof of payment and will prevail until overcome by direct proof of nonpayment or proof of facts and circumstances from which nonpayment may be clearly inferred…. [T]he presumption must be overcome by clear and satisfactory proof.")). **See also** TCO at 5 (declaring "Sampson has denied owing the $2,785.87 judgment to Vranka and the debt is well beyond the twenty-year

- 11 -

period that triggers the presumption of payment"). The trial court's application of the presumption of payment in the context of a petition to strike a judgment was improper.[8]

To the extent that Sampson wished to admit evidence *dehors* the record to contest the allegations contained in the complaint and/or to pursue his defense that Vranka has "abandoned" the judgment, he should have filed a petition to open the default judgment rather than a petition to strike. *See* ***Roy by and through Roy v. Rue***, 273 A.3d 1174, 1187 (Pa. Super. 2022) (quoting ***Cintas Corp.***, 700 A.2d at 919 ("[I]f a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open a judgment, not a petition to strike the judgment.")). ***See also Whatley v. Baynard***, 264 A.2d 721 (Pa. 1970) (determining that the trial court erred in striking the judgment where it took into consideration facts outside the record); ***Green Acres***, 113 A.3d

---

[8] Even if the trial court was permitted to look outside the original record and the presumption of payment was proper here, the trial court appears to have accepted a presumption of payment of the judgment amount in favor of Sampson without having allowed Vranka the opportunity to rebut the presumption with proof of nonpayment. *See **Corn v. Wilson***, 75 A.2d 530, 532 (Pa. 1950) ("The presumption of payment may be rebutted … by clear, satisfactory and convincing evidence … that the debt has not been paid, or by proof of circumstances tending to negat[e] the likelihood of payment and sufficiently accounting for the delay of the creditor."); ***id.*** ("[W]hether the facts and evidence relied upon to rebut the presumption of payment are true is a question of fact for the jury; but whether, if true, they are sufficient to rebut the presumption, is a question of law for the court."); ***Brady v. Tarr***, 21 A.2d 131, 133 (Pa. Super. 1941) (explaining that the presumption of payment does not bar the debt, as does the statute of limitations, but "it is merely a rule of evidence affecting the burden of proof").

1261 at 1271 (determining that the trial court properly denied a petition to strike judgment where the grounds on which the petition was based went to the merits in the complaint and did not involve a fatal defect or irregularity on the face of the record, and suggesting that the appellant should have raised this defense in a petition to open). Otherwise, when determining a petition to strike, "[m]atters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken." **Cargitlada**, 837 A.2d at 550 (citation omitted).

While it is true that a court may, in certain cases, treat a petition to strike as though it were a petition to open, **see Kophazy v. Kophazy**, 421 A.2d 246, 249 (Pa. Super. 1980) (citations omitted), there is no indication that the trial court did so in the instant matter. **See** TCO at 3-5 (expressly "striking" the default judgment; lacking any mention of opening the judgment; and failing to discuss the three-prong test that must be met before a court may exercise its discretion to open a judgment, *i.e.*, the prompt filing of petition to open, a reasonable explanation for the failure to file a responsive pleading, and a meritorious defense). **See also Myers**, 986 A.2d at 176 ("[T]he trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria."). Likewise, Sampson did not seek opening of the judgment and failed to set forth sufficient facts in his petition to establish the three criteria for opening a judgment, as set forth in **Myers**. Thus, we do not deem this to be a case where the body of the petition makes it plain that it is intended to be

a petition to open,[9] nor do we deem it appropriate to remand for the trial court to consider Sampson's petition to strike as a petition to open.[10]

Finally, we address Vranka's claim that the trial court's order purports to reinstate Sampson's driving privileges in Pennsylvania and that, in doing so, the trial court violated Section 1773 of the MVFRL. Vranka's Brief at 5-6 ("A person's operating privilege shall remain suspended and shall not be renewed in the name of that person unless and until every judgment is stayed, satisfied in full or to the extent provided in this subchapter, and the person furnishes proof of financial responsibility as required.") (quoting 75 Pa.C.S. § 1773). Her argument is directed at the following *verbatim* language contained in the March 28, 2022 order striking the default judgment: "It appears no efforts were made to revive the judgment over 33 years old and court is exercising its equitable powers to strike and allow defendant to drive." Trial Court Order, 3/28/2022 (single page).

---

[9] **See Kophazy**, 421 A.2d at 250 (recognizing authority for a court's ignoring mistakes in a caption where the body of the petition conforms to the applicable rule and no real prejudice occurs) (citation omitted).

[10] In **Kophazy**, the trial court observed that the petitioner's challenge to a default judgment relied on matters *dehors* the record; thus, the trial court *sua sponte* converted the petitioner's petition to strike into a petition to open, and it opened the judgment. This Court reversed the trial court's order opening the judgment and declined to remand for consideration of the petition to strike as a petition to open, noting the difference between the two types of petitions and declaring that the court must rule on the petition as filed. **Kophazy**, 421 A.2d at 250-51. **But cf. Whatley**, *supra* (reversing the lower court's order striking a judgment and remanding for consideration of petition to strike default judgment as a petition to open where the evidence presented could have supported a petition to open).

In its Rule 1925(a) opinion, the trial court acknowledged that "the judgment and license revocation exist independently of each other[,]" and it explained that its order striking the default judgment "did not *per se* restore Sampson's driving privileges but[,] rather[,] it permitted him to pursue either restoration of his license from PennDOT or [to] obtain a new driver's license from New Hampshire." TCO at 3. ***See also id.*** (confirming that the court's March 28, 2022 order "did not restore [Sampson's] suspended license"). Nonetheless, due to our determination regarding the trial court's striking of the default judgment and to avoid any further confusion, we vacate this portion of the order.

Based on our disposition, we need not address the merits of Vranka's remaining claims. Accordingly, we reverse the portion of the March 28, 2022 order granting Sampson's petition to strike the default judgment and direct the prothonotary to reinstate the judgment. Additionally, we vacate the portion of the order pertaining to allowing Sampson to drive.[11]

_____

[11] Nothing herein shall be deemed prejudicial to Sampson's right to file a petition to open the default judgment. However, we caution that "if a petition to open a default judgment fails to fulfill any one prong of the three-prong test [as set forth in ***Myers***, ***supra***], then the petition must be denied." ***Roy***, 273 A.3d at 1188-89. ***See id.*** at 1189 (noting cases in which this Court has found a prompt and timely filing of the petition to open a default judgment where the delay in filing the petition was only one day, five days, or fourteen days from the receipt of notice of the entry of the judgment). ***But see id.*** (listing cases in which this Court determined that a 21-day, 37-day, and 41-day delay in filing a petition to open a default judgment rendered the petitions untimely). ***See also Seeger***, 836 A.2d at 166 (requiring that a meritorious defense be set forth "in precise, specific and clear terms"); ***Westinghouse***
*(Footnote Continued Next Page)*

Order reversed in part and vacated in part. Judgment reinstated. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn* *(signature)*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/2023

---

***Credit Corp. v. Wenzel***, 289 A.2d 759, 761 (Pa. Super. 1972) (noting the good practice of attaching an answer setting forth any meritorious defense to a petition to open a default judgment).