J-A30003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TROYCEE JADE STONE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| 4 RIDES AUTO SALES, LLC AND FURAD WOODARD | |
| Appellant | No. 2829 EDA 2014 |

Appeal from the Order Entered August 28, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term 2013, No. 02687

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 08, 2016**

Appellants, 4 Rides Auto Sales, LLC (4 Rides) and Furad Woodard, appeal from the August 28, 2014 order denying their motion for post-trial relief after the trial court assessed damages in favor of Appellee, Troycee Jade Stone.[1]  After careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellants filed their appeal prematurely from the August 28, 2014 denial of post-trial motions before judgment was entered.  **See** Pa.R.C.P. 227.4(2) (noting that either party may praecipe for the entry of judgment after the trial court denies relief but does not enter judgment). However, Pa.R.A.P. 905(a)(5) provides that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5); **see also Mackall v. Fleegle**, 801 A.2d 577, 581 (Pa. Super. 2002) (refusing to quash an appeal from the denial of post-trial motions when neither party praeciped for the entry of judgment; instead, "in
*(Footnote Continued Next Page)*

The trial court summarized the facts and procedural history of this case as follows.

> On July 19, 2013, [Stone] filed a Complaint against [Appellants]. [Stone] was driving behind a vehicle driven by [] Woodard and owned by [] 4 Rides. [Stone] alleged a piece of debris fell from the undercarriage of this vehicle. [Stone] swerved to avoid the debris, crashed, and suffered injuries.
>
> In the Complaint, [Stone] alleged the [Appellants'] address was 307 N. Chester Pike Glenolden, Pa 19036. On August 16, 2013, the Sheriff made several attempts to serve the Complaint at that address but there was no response at the door. [Stone] filed a Motion for Alternative Service. The [trial court] granted [Stone's] Motion and authorized the Complaint to be served by regular and certified mail. The certified mail went unclaimed but the regular mail was not returned.
>
> [Appellants] failed to timely respond to the Complaint. On December 3, 2013, [Stone] sent [Appellants] a notice of his intention to take default judgment for [Appellants'] failure to respond to the Complaint. This notice was sent to the Glenolden address. Again, [Appellants] did not respond. [Stone] subsequently filed a Praecipe to Enter Default Judgment and served it on [Appellants] by first class mail at the same Glenolden address.
>
> A Default Judgment was entered on December 17, 2013. Notice of the default judgment was sent to [Appellants] by regular mail at the Glenolden address. An assessment of damages hearing was scheduled for February 3, 2014. [] Woodard

_(Footnote Continued)_ ─────────────

the interests of judicial economy we will regard as done what ought to have been done[]"). Therefore, even though neither party praeciped for the entry of judgment following the assessment of damages, we will not quash this appeal as interlocutory. **See** Pa.R.A.P. 905(a)(5); **_Mackall_**, **_supra_**.

received notice of the hearing by regular mail at the Glenolden Address. [] Woodard appeared at the hearing without an attorney. The [trial court] continued the hearing to March 17, 2014, so [] Woodard could retain counsel.

On February 19, Michael McDermott, Esquire entered his appearance on behalf of both [Appellants]. On the same day, he filed a Petition to Open Default Judgment. In that petition, [Appellants] claimed that they never received the Complaint. [The trial court] denied the Petition to Open Default Judgment on March 27, 2014.

The assessment of damages hearing was rescheduled and held on May 19, 2014. … [Stone] presented uncontested evidence of $51,200 in lost wages and $11,520 in outstanding medical bills. After hearing evidence, [the trial court] awarded [Stone] $123,000.

On June 9, [2014,] [Appellants] filed a post-verdict motion which sought a new trial or, in the alternative, remittitur.[2] In support of a new trial,

_____

[2] We note this post-trial motion was untimely filed. **See** Pa.R.C.P. 227.1(c)(2) (providing post-trial motions must be filed within ten days after the decision in a bench trial). However, the motion was filed within 30-days after the trial court entered its assessment of damages, Stone did not object to its untimeliness, and the trial court addressed the merits contained therein. Therefore, we treat this as the trial court implicitly granting leave to file the post-trial motion. **See Millard v. Nagle**, 587 A.2d 10, 12 (Pa. Super. 1991) (noting that it is within the trial court's discretion to address the merits of an untimely post-trial motion if the opposing party does not object), *affirmed*, 625 A.2d 641 (Pa. 1993) (*per curiam*). We will not review this exercise of the trial court's discretion, and we address the merits of this case. **See id.** (explaining the trial court's decision to address untimely post-trial motions "should not be subject to review by this court, and we should go on to consider the issues contained in these motions on their merits, as did the trial court[]"); **accord Kurtas v. Kurtas**, 555 A.2d 804, 806 (Pa. 1989).

[Appellants] claimed the [trial court] committed prejudicial error when it denied the Petition to Open Default Judgment. [Appellants] argued that there had been improper service.

The post-verdict motion was not verified by any [Appellant]. In a single paragraph of the post-verdict motion, Counsel for [Appellants] alleged various facts in support of a remittitur. None of these facts were offered into evidence during the May 19[, 2014] hearing. [Appellants'] Counsel alleged that the only possible part that could have fallen off of the vehicle was a very small exhaust tip, thereby suggesting that [Stone's injury claims were fraudulent. [Appellants'] Counsel also alleges that [Woodard] was unaware of anything falling off his vehicle. He further alleges that [Stone's] own negligence contributed to the accident. Furthermore, [Appellants'] Counsel alleges that [Stone] told [] Woodard that he was on the phone with his girl friend [sic] and was not paying attention at the time of the accident.

By Order dated August 21, 2014, [and entered August 28, 2014,] [the trial court] denied [Appellants'] post-trial motion. It is this Order from which [Appellants] have appealed.[3]

Trial Court Opinion, 2/4/15, at 1-3 (footnotes omitted).

On appeal, Appellants present the following three issues for our review.

1. Did the trial court err by refusing to strike the judgment where the record reflects a fatal defect in the procedural aspects of taking a default judgment because the procedure does not conform to Phila. Civ. R. 430.1(B) and/or Pa.R.C.P. [] 440. Service of

---

[3] Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Legal Papers Other than Original Process, making the entry of judgment void *ab initio*?

2. Did the trial court err in denying a petition to open default and failing to consider all three criteria for opening a default where numerous meritorious defenses to the allegations where [sic] contained [in] [Appellants'] Answer to [Stone's] Complaint, where [Appellants] provided a reasonable explanation for failing to file a timely responsive pleading, and [Appellants], through present counsel, promptly filed a petition to open default?

3. Did the trial court err[] in denying the petition to open default judgment by failing to consider the equities of the matter, the prejudice to [Appellants] if the petition to open was denied and whether [Stone] would suffer any prejudice if the petition to open default was granted?

Appellants' Brief at 4.

In Appellants' first issue on appeal, they contend that the default judgment should be stricken.[4] We review a petition to strike a default judgment according to the following standard.

An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of

_____

[4] Appellants did not present a motion to strike the default judgment as void to the trial court. However, a motion to strike a void judgment is not waivable and can be raised for the first time on appeal. ***See Mother's Rest. Inc. v. Krystkiewicz***, 861 A.2d 327 (Pa. Super. 2004) (explaining "an individual may even seek to strike a void judgment after a trial court has previously denied his/her petition to open the same judgment. … [O]ur Court has permitted litigants to attack other void decrees for the first time on appeal[]") (citations omitted).

- 5 -

law. Therefore, our standard of review is de novo and our scope of review is plenary.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered.

***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1267-1268 (Pa. Super. 2015) (internal citations and quotation marks omitted).

Herein, Appellants contend that the judgment should be stricken as void because Stone did not comply with Philadelphia County Local Rule of Civil Procedure 430.1(B) or Pennsylvania Rule of Civil Procedure 440. Specifically, Appellants' analysis of this issue is confined to the following sentence in their appellate brief, "[Stone's] counsel never served the two [Appellants] separately with any papers including the complaint and never sent each defendant a singular copy of any of the legal papers." Appellants' Brief at 17.

The rules of civil procedure applicable to this case are Philadelphia County Rule of Civil Procedure 430.1, Pennsylvania Rule of Civil Procedure

424, and Pennsylvania Rule of Civil Procedure 440.  Rule 430.1 provides as

follows.

### Rule 430.1. Alternate Service

**(A) Right of Service.** Pursuant to Pa.R.C.P. No. 430, the plaintiff has the right of service in such manner as the Court by special Order shall direct in cases where service cannot otherwise be made.

**(B) Procedure.** When a return of "Not Found" or its equivalent has been made after more than one attempt to make service by the Sheriff or where the first return of "Not Found" indicates that further attempts at personal service would not be successful, the plaintiff's counsel may request an order permitting service of the complaint by regular mail to the defendant's last known address by filing an affidavit ….

Phila.Civ.R. 430.1(A)-(B).  Rule 424, which governs the service of process

on corporations, provides as follows.

### Rule 424. Corporations and Similar Entities

Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424. Additionally, Rule 440, which sets for the procedure for service of other legal papers, states, in relevant part, as follows.

> **Rule 440. Service of Legal Papers Other than Original Process**
>
> (a)(1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. …
>
> …
>
> > (2)(i) If there is no attorney of record, service shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party ….
> >
> > (ii) If such service cannot be made, service shall be made by leaving a copy at or mailing a copy to the last known address of the party to be served.
>
> (b) Service by mail of legal papers other than original process is complete upon mailing.

Pa.R.C.P. 440(a)-(b). "Due process, reduced to its most elemental component, requires notice." *PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 230 (Pa. Super. 2007) (citation omitted). "The adequacy of this notice, as applied to substituted service, depends upon whether it is reasonably calculated to give the party actual notice of the pending litigation and an opportunity to be heard." *Id.* (citations omitted).

Herein, Stone filed a motion for alternative service pursuant to Philadelphia Local Rule 430.1. In the accompanying affidavit, counsel for

Stone explained that the Delaware County Sheriff's Department attempted to serve the complaint on Appellants at their last known address, 307 North Chester Pike, Glenolden, PA 19036, but the return of service affidavits indicated there was "no response at door." Further, Stone stated that the 4 Rides website provided that was the address for the business and also indicated that Woodard was the corporation's contact at that address. Stone also verified that neither defendant had a change of address on file with the U.S. Postal Service. Accordingly, Stone requested the trial court to enter an order directing service via first-class mail addressed to 4 Rides and Woodard at 307 North Chester Pike.

On October 18, 2013, the trial court granted Stone's motion for alternative service. On November 14, 2013, Stone filed an affidavit of service, indicating that he mailed a time-stamped copy of the complaint to 4 Rides and Woodard by certified and regular mail at 307 North Chester Pike. The affidavit of service further stated that the certified mail was unclaimed by Appellants, but the first-class mail copy was not returned to Stone. Contrary to Appellants' argument, there is no defect on the face of the record with regard to service of the complaint because the trial court permitted alternative service, and Stone accomplished service by first-class mail in compliance with the trial court's order. *See* Phila. Civ. R. 430.1; Pa.R.C.P. 424. Moreover, the trial court reasonably calculated the alternative service to give Appellants actual notice of the pending

proceedings and an opportunity to be heard. **See PNC Bank**, **supra**. Therefore, Appellants' argument that the complaint was not properly served is meritless, and Appellants have not demonstrated a fatal defect on the face of the record. **See Green Acres**, **supra**.

Likewise, Stone served both Appellants with notice of intention to take default, and the praecipes to enter default judgment, at 307 North Chester Pike. The trial court found that Appellants received actual notice of all the filings in this case as follows.

> [Stone's] Complaint, the Notice of Intent to Enter Default Judgment, the Notice of Default Judgment, and the first Notice of the Assessment of Damages hearing were all sent to [Appellants'] proper Glenolden address. [Appellants] knew of the scheduled trial by notice sent to that same address. He appeared for the first time in the case at the February 3, 2014 assessment of damages hearing. The Glenolden address was accurate.

Trial Court Opinion, 2/4/15, at 4. The record supports the trial court's determination. Moreover, we note that Woodard was the agent listed on the 4 Rides website. As such, mailing a copy of the complaint and all other pleadings to him in both his individual capacity and as an agent for 4 Rides was sufficient to provide notice to both Appellants. **See** Pa.R.C.P. 424. Further, on December 13, 2013, Stone filed a certification of service stating that he had served the notice of intent to enter default judgment on both 4 Rides and Woodard at 307 North Chester Pike on December 3, 2013. Thereafter, on December 17, 2013, Stone filed a separate praecipe to enter

default judgment as to each Appellant, accompanied by a certification of service verifying that he independently served each Appellant at 307 North Chester Pike. That same day, the prothonotary entered judgment in favor of Stone and against each Appellant separately. As such, there are no fatal defects on the face of the record, and Appellants are not entitled to relief on their motion to strike. *See Green Acres*, *supra*.

In their second and third issues on appeal, Appellants contend that the trial court erred in denying their petition to open. The trial court entered the order denying Appellants' petition to open on March 27, 2014. Pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(1), that interlocutory order was immediately appealable as of right. Pa.R.A.P. 311(a)(1). However, Appellants did not immediately appeal the denial of the petition to open. Nonetheless, Rule 311(g)(1)(i) provides that the failure to immediately appeal an order denying a petition to open does not constitute waiver, "and the objection may be raised on any subsequent appeal in the matter from a determination on the merits." *Id.* at 311(g)(1)(i). Consequently, we address Appellant's second and third issues asserting that the trial court erred in denying their petition to open.

We review an appeal from an order denying a petition to open under the following standard.

> A petition to open a default judgment is an appeal to the equitable powers of the [trial] court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial

- 11 -

court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

…

Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense ….[5]  In making this determination, a court can consider facts not before it at the time the judgment was entered.

**Green Acres**, **supra** at 1270 (citations omitted).

The trial court denied Appellants' petition to open on the basis that the petition was not promptly filed.  Trial Court Opinion, 2/4/15, at 4 (noting that the petition was filed 64 days after the entry of judgment); **see also** Pa.R.C.P. 237.3(b) (providing a petition to open filed within ten days is timely); **Myers v. Wells Fargo Bank, N.A.**, 986 A.2d 171, 176 (Pa. Super. 2009) (noting that generally one month or less between the entry of default judgment and the filing of a petition to open typically meets the time requirement for "prompt filing").  Additionally, the trial court found Appellants provided no explanation for the delays in filing either the petition to open or the answer to the complaint.  **Id.**  On appeal, Appellants contend

---

[5] A trial court must grant a petition to open that is filed within ten days of the entry of judgment and presents a proposed answer containing a meritorious defense.  Pa.R.C.P. 237.3(b).  However, herein, there is no dispute that Lloyd did not file the petition to open within ten days. Accordingly, he must meet these three requirements to open the judgment.

that they alleged meritorious defenses in the petition to open and that opening the default judgment will not prejudice Appellees. However, Appellants still do not assert that the trial court abused its discretion or erred as a matter of law in finding that the petition to open was not timely filed or that the failure to file a timely answer was excusable. Even if Appellants presented a meritorious defense, Appellants did not timely file the petition or offer an excuse for failing to file a timely answer to the complaint. Therefore, Appellants did not meet two of the requirements necessary to open a judgment, and we discern no manifest abuse of discretion or an error of law in the trial court's decision to deny Appellants' petition to open. *See Green Acres*, *supra*. Accordingly, Appellants second and third issues on appeal are meritless. *See id.*

Based on the foregoing, we conclude that Appellants' petition to strike is meritless. *See Green Acres*, *supra* at 1267-1268. Further, the trial court did not manifestly abuse its discretion or err as a matter of law by denying Appellants' petition to open. *See id.* at 1270. Accordingly, we affirm the trial court's order entered August 28, 2014, denying Appellants' motion for post-trial relief with regard to the assessment of damages.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/8/2016</u>