J-A20021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CLYDE L. HARGROVE AND BARBARA J. HARGROVE, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1583 WDA 2017 |
| KOPPERS, INC., A CORPORATION; UNITED STATES STEEL CORPORATION, A CORPORATION; UCAR CARBON COMPANY INC., A CORPORATION; GREAT LAKES CARBON CORPORATION, A CORPORATION, A/K/A GREAT LAKES CARBON LLC, A LIMITED LIABILITY COMPANY, A/K/A SGL CARBON CORPORATION, F/K/A SIGRI GREAT LAKES CARBON CORPORATION AND SGL CARBON AG, F/K/A SIGRI GREAT LAKES CARBON GMBHH; EXXON MOBIL CORP, A CORPORATION, SUCCESSOR IN INTEREST OF EXXON CORP AND STANDARD OIL CO. OF NEW JERSEY; AND CROMPTON CORPORATION, A CORPORATION, SUCCESSOR IN INTEREST OF CK WITCO CORPORAITON AND WITCO CORPORATION | : | |

Appeal from the Order September 25, 2017
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-05-015942

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED SEPTEMBER 21, 2018**

Barbra J. Hargrove[1] appeals from the trial court's order granting summary judgment in favor of Appellees, Koppers, Inc., a corporation; United States Steel Corporation, Ucar Carbon Company Inc., a corporation; Great Lakes Carbon Corporation, a corporation, a/k/a Great Lakes Carbon LLC, a limited liability company, a/k/a SGL Carbon Corporation, f/k/a SIGRI Great Lakes Carbon Corporation and SGL Carbon AG, f/k/a SIGRI Great Lakes Carbon GMBHH; Exxon Mobil Corp., a corporation, successor in interest of Exxon Corp. and Standard Oil Co. of New Jersey; and Crompton Corporation, a corporation, successor in interest of CK Witco Corporation and Witco Corporation (collectively, Defendants). The Hargroves instituted the underlying negligence action against Defendants after Clyde Hargrove was diagnosed with kidney cancer following long-term occupational exposure to coal tar pitch volatiles (CTPVs) while working at Alcoa.[2] Alcoa owns and operates aluminum smelting plants throughout the United States. After careful review, we reverse and remand.

Clyde Hargrove was employed at Alcoa's Rockdale, Texas plant for 30 years, from May 14, 1973, until his retirement in January 2003. While employed by Alcoa, Clyde Hargrove worked as a production helper, pot room trainee, rodding operator and janitor. In January 2002, Clyde Hargrove was

_____

[1] Although Barbara J. Hargrove's now deceased husband, Clyde L. Hargrove, is listed on the caption of this appeal, he is no longer a party to the action. For the reasons discussed *infra*, his personal representative must be substituted in his place.

[2] The named Defendants manufactured and supplied Alcoa with the CTPVs.

diagnosed with renal small cell carcinoma (kidney cancer); he had his left kidney surgically removed in 2002. Clyde Hargrove returned to Alcoa in May 2002 and continued to work until his retirement. On April 19, 2005, Clyde Hargrove received a medical letter and report from Dr. David K. Parkinson which notified him that his kidney cancer was potentially related to his work at Alcoa.

The Hargroves instituted the underlying negligence and strict liability action by filing a writ of summons in July 2005 and a complaint against Defendants on September 12, 2005. Clyde Hargrove died on October 30, 2013, from metastasized kidney cancer. On September 26, 2016, Defendants filed a joint summary judgment motion raising the statute of limitations and arguing that, upon diagnosis in 2002 or shortly thereafter, Clyde Hargrove knew or should have known that his cancer was caused by exposure to CTPVs in the aluminum smelters at Alcoa.

The parties fully briefed the issues presented in the summary judgment motion and argued them before the court on May 17, 2017. On September 25, 2017, the Honorable Robert J. Colville granted the Defendants' motion in the instant case.[3] The trial court gave its reasons for collectively granting

---

[3] Defendants filed summary judgment motions in fourteen cases, all based upon the alleged expiration of the applicable statute of limitations. Judge Colville wrote a single opinion denying Defendants' motion in seven of the other 14 cases. He granted summary judgment, like in the instant case, in six cases. The plaintiffs in one case voluntarily dismissed their claim against Defendants after the court entered its summary judgment order.

summary judgment in favor of Defendants in the instant case and five other CTPV cases, all based upon the discovery rule:

> In each of the above-captioned cases where I have entered summary judgment on behalf of the Defendants, I have concluded that the fact that there exists record evidence demonstrating either an admission by the Plaintiff, other actions or conduct which demonstrates the Plaintiff's actual subjective awareness of the possibility, if not likely probability that their occupational exposures contributed to their diseases, or that there exists facts of record which would not permit a jury to fail to infer that the Plaintiff had information available to him from which he reasonably <u>should have</u> suspected occupational exposure as a contributing factor in the cause of his disease.

Memorandum Opinion and Order, 9/25/17, at 2 (emphasis in original).

Barbara Hargrove timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.[4] On appeal, she presents the following issues for our consideration:

> (1) Whether the trial court's entry of summary judgment in favor of the Defendants is contrary to the applicable summary judgment standard which requires the court to draw inferences from the evidence in favor of the non-moving party and prohibits the court from resolving factual issues which create a genuine issue of material fact as to whether the statute of limitation had begun to run.
>
> (2) Whether the trial court erred in granting summary judgment based on the conclusion that the evidence demonstrated that the Plaintiff had "subjective awareness of the possibility, if not probability" that the exposure to CTPVs

---

[4] Notably, the trial court did not issue a separate Rule 1925(a) opinion specifically addressing the Hargroves and their issue on appeal following the filing of the notice of appeal in the instant case. Rather, the court issued an order stating that "[t]he reason for my September 25, 2017 Order of Court [is] set forth in my September 25, 2017 Memorandum Opinion and Order of Court." **See** Order, 12/18/17.

contributed to his disease when such a determination requires the Court to charge the layman plaintiff with knowledge greater than that which is communicated to him by his treating physician.

(3)   Whether in a latent disease case, where defendants strongly dispute a medical link between the exposure and the disease, the trial court erred in granting summary judgment on the basis that the layman plaintiff had sufficient information to begin the running of the statute of limitations on his claim prior to receiving notice from a medical professional that there was a link between his disease and his exposure to CTPVs.

(4)   Whether the trial court's entry of summary judgment in favor of the Defendants placed Plaintiffs in an untenable position of being required to file a lawsuit, based on suspicion, before there was medical proof to link the cancer to workplace exposure to coal tar pitch and [CTPVs].

Appellants' Brief, at 4.

Before addressing the merits of the claims raised on appeal, we must discuss a jurisdictional issue. Our Court may *sua sponte* consider whether the trial court possessed subject matter jurisdiction over the matter below, as it relates directly to the "competency of the individual court, administrative body of other tribunal to determine the controversies of the general class to which a particular case belongs." *Green Acres Rehab. & Nursing Ctr. V. Sullivan*, 113 A.3d 1261, 1268 (Pa. Super. 2015) (citation omitted); *see also Turner Constr. v. Plumbers Local 690*, 130 A.3d 47 (Pa. Super. 2015). In *Grimm v. Grimm*, 149 A.3d 77 (Pa. Super. 2016), our Court held that "the death of a party deprives the trial court of subject matter jurisdiction over litigation by or against the deceased until such time as the deceased's personal representative is substituted in his or her place." *Id.* at 80.

Here, the trial court granted summary judgment in favor of Defendants on September 25, 2017. However, Clyde Hargrove died prior to the entry of the order, on October 30, 2013, and there is nothing in the record indicating that the Hargroves' attorney of record filed a notice of his client's death, that any qualified party ever filed for letters of administration/testamentary, and/or that a personal representative was substituted in Hargrove's place. *See* Pa.R.C.P. 2355 (Notice of Death of a Party. Substitution of Personal Representative); *see also* Pa.R.C.P. 2352 (Substitution of Successor).

Rule 2355 states:

(a) If a named party dies after the commencement of an action, the attorney of record for the deceased party **shall file a notice of death with the prothonotary**. The procedure to substitute the personal representative of the deceased party shall be in accordance with Rule 2352.

Pa.R.C.P. 2355(a) (emphasis added). Moreover, under section 3375 of the Decedents, Estates and Fiduciaries Code, if a plaintiff dies and a personal representative is not appointed within one year after a suggestion of death is filed, the court, upon petition, shall abate any pending action if the delay in taking out letters is not reasonably explained. *See* 20 Pa.C.S. § 3375; *see also* Pa.R.C.P. 2355 (Note) ("Counsel for the deceased party should file the notice of death **promptly** upon learning of the death of the party and serve a copy upon every other party to the action.") (emphasis added).

Accordingly, we must vacate the instant summary judgment order, where the trial court lacked subject matter jurisdiction to enter such. We remand the matter to the trial court for a determination as to whether the

- 6 -

cause of action should be dismissed for want of jurisdiction or whether a reasonable explanation exists regarding the failure to promptly file a notice of death, take out letters of administration following Clyde Hargrove's death, and the failure to substitute a personal representative. ***See Cholewka v. Gelso***, 2018 PA Super 216 (Pa. Super. filed July 27, 2018).

Order vacated.  Case remanded for proceedings consistent with the dictates of this decision.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2018