J-A01037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A PRO REALTY SERVICE, LTD. T/D/B/A M&M REALTY PARTNERS, LP | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| FULTON BANK, NA | : : | No. 1961 EDA 2018 |

Appeal from the Order Entered June 21, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  02424 July Term 2017

BEFORE:  OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 14, 2019**

A Pro Realty Service, LTD. T/D/B/A M&M Realty Partners, LP ("APR") sued Fulton Bank, NA ("Fulton") demanding a statutory penalty of up to $1,025,000 for the alleged failure to timely file a mortgage satisfaction piece. The trial court granted Fulton's motion for summary judgment and denied APR's motion. APR appealed, arguing that the trial court erred in not finding a genuine issue of material fact regarding the payment of mortgage satisfaction fees and in not distinguishing between two mortgages. It also claims the "equities" ran against Fulton. We affirm.

The trial court aptly summarized the procedural history and facts of this case as follows:

> [APR] was the owner of a property located at 5820-5826 Mascher Street, Philadelphia, PA 19120 ("the property") until November 2016 when it was sold for $1.2 [m]illion. At the time of sale, the

property was encumbered by two mortgages given to Fulton Bank in exchange for loans of $400,000.00 in 2003 and $625,000[.00] in 2009.

In the month leading up to the sale, [APR] requested a payoff statement from Fulton Bank. The bank replied that as of November 1, 2016, it required a payment of $88,762.94, plus a per diem of $10.70, to satisfy the two mortgages. That payment represented $81,063.20 in outstanding principal, $149.74 interest, and $7,550.00 in fees and costs.[1]

> [1] Fulton Bank subsequently agreed to waive the $7,550.00 in fees and costs after a dispute arose over whether they were truly [APR's] responsibility.

On November 23, 2016, [APR] sent Fulton Bank a payment of $81,491.14 to satisfy the remaining balance of the two mortgages. Then, on December 6, 2016, it delivered to Fulton Bank a "NOTICE TO RECORD MORTGAGE SATISFACTION PIECE TO AVOID PENALTY". The notice reads, in pertinent part:

> The party issuing this notice believes that the mortgagee of the mortgage described below has received full satisfaction and payment of all amounts secured by the mortgage, *including any applicable satisfaction fee*, . . . The party issuing this notice hereby requests that the mortgagee issue and present for recording a satisfaction piece concerning the mortgage *or provide a satisfactory reason why the mortgage should not be satisfied* to the party issuing this notice. If you don't comply with this notice, you may be liable for penalties and costs in accordance with the act of December 9, 2002 . . . known as the Mortgage Satisfaction Act, . . .

Two days later, Fulton Bank wrote to [APR] with a reason why the mortgage could not be satisfied - there were satisfaction fees still outstanding in the amount of $340.50. While [APR] seems to dispute whether this amount was truly owed, [APR's] title insurance company, Knights Abstract, Inc., delivered to [Fulton] a check to pay those satisfaction fees on December 16, 2016.

[APR] has not provided any evidence suggesting it had already paid the satisfaction fees as of December 8, 2016. Conversely, its

own title insurance company admits the fees were owed, as the letter that accompanied the $340.50 check began:

> First, let me apologize for the late response, as I have been out of the office for the past week with meetings and closings. Enclosed herewith please find our check in the amount of $340.50, *representing the balance due in order to satisfy* the following mortgages:"

Unfortunately, [APR] did not re-issue a demand to Fulton Bank to satisfy the mortgages after its title company paid the satisfaction fees, and Fulton bank did not end up recording a mortgage satisfaction piece until September 2017 – nine months after [APR's] initial demand. [APR] filed this lawsuit in July 2017 under 21 P.S. § 721-6, seeking up to $1,025,000.00 in damages for [Fulton's] nine-month delay in recording the mortgage satisfaction statements.

Trial Court Opinion ("TCO"), filed 5/24/18, at 2-3 (citations omitted) (emphasis in original).[1] The parties filed cross-motions for summary judgment. The court denied APR's motion and granted Fulton's motion.

APR appeals and asks us to review the following:

1. Did the trial court err as a matter of law in granting Fulton['s] Motion for Summary Judgment and not finding an issue of disputed material fact regarding whether or not the mortgage satisfaction fees were paid prior to the December 6, 2016 satisfaction demand letter?

2. Did the trial court err as a matter of law in not distinguishing between the 2003 and 2009 mortgages when Fulton Bank had

---

[1] Instead of a Pa.R.A.P. 1925(a) opinion, the trial court relies on the opinion it drafted after denying the motion for summary judgment.

previously acknowledged the 2009 mortgage was paid in full and "closed?"

3. Did the trial court err in finding the equities favored Fulton . . . over [APR] when [APR] had substantially complied with the requirements of the Mortgage Satisfaction Act?

APR's Br. at 5.

**PAYMENT OF SATISFACTION FEES**

APR maintains that the trial court erred in granting the motion for summary judgment because allegedly "there are still questions of material fact regarding the question of if the mortgage satisfaction fees were paid prior to the mailing of the December 6, 2016 letter." APR's Br. at 12.

We review the grant of a motion for summary judgment for an error of law or abuse of discretion. ***Kozel v. Kozel***, 97 A.3d 767, 772 (Pa.Super. 2014) (citing ***Daley v. A.W. Chesteron, Inc.***, 37 A.3d 1175, 1179 (Pa. 2012)). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefore from in a light most favorable to the non-moving party." ***Estate of Agnew v. Ross***, 152 A.3d 247, 259 (Pa. 2017). Where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, the trial court should grant summary judgment. ***Id.*** Our standard of review is *de novo* and our scope of review plenary. ***Id.***

The Mortgage Satisfaction Act provides: "**[a]fter** the entire mortgage obligation **as well as all required satisfaction** and recording costs **have been paid** to the mortgagee, **the mortgagor may send a notice** to the

mortgagee to present for recording a satisfaction piece to avoid damages." 21 P.S. § 721-6(a) (emphasis added).

Here, APR maintains that "it must be inferred that the satisfaction costs were in fact paid with the $81,491.14" based on the November 1 letter that Fulton sent to APR setting forth a payoff amount. APR's Br. at 14. It argues that this letter was an admission by Fulton that APR did not owe the $340.55 and therefore its notice to Fulton was not premature. This argument, however, asks us to only look at a portion of the record that was before the trial court, which we will not do. The trial court reviewed both the November 1 letter and the December 16 letter sent by Fulton to APR and the court explained that summary judgment was appropriate because:

> Under 21 P.S. § 721-6(d), a mortgagee can be held liable for up to the full amount of the mortgage loan if it fails to record a mortgage satisfaction piece within sixty (60) days of being provided: 1) "payment of the entire mortgage obligation of all required satisfaction and recording costs; and" 2)"the first written request by the mortgagor for the satisfaction piece delivered and in substantially the form described in this section."

> The statute specifically details the procedure a mortgagor must follow in seeking damages. It provides a form notice that must be used by the mortgagor, requires that the notice be sent "by certified or registered mail", and explicitly states that the notice may be sent "*[a]fter* the entire mortgage obligation as well as *all required satisfaction* and recording *costs have been paid* to the mortgagee, . . . ."

> Here, the undisputed record before the court shows that [APR] sent [Fulton] the notice prescribed by 21 P.S. § 721-6(c) *before* all required satisfaction costs were paid to [Fulton]. [APR's] notice was delivered on December 6, 2016, but the satisfaction fees were not paid until December 16, 2016.

TCO at 3-4 (emphasis in original, citations omitted).

We agree with the trial court's conclusion. While the initial letter from Fulton to APR stated that it would satisfy both mortgages after receiving the stated amount, it was not an admission that APR did not to have to pay satisfaction fees. Additionally, APR presented no evidence to support a finding that it was not required to pay the fees, that Fulton incorrectly calculated the fees, or that it had paid the fees before it sent the satisfaction notice. The only evidence presented supports a finding that APR still owed the fees. The trial court did not abuse its discretion in granting summary judgment in favor of Fulton.

**2003 VS. 2009 MORTGAGES**

Next, APR claims that the trial court "erred when it failed to distinguish the 2009 Mortgage from the 2003 Mortgage." APR's Br. at 14. It maintains that this failure creates "a clear question of material fact as to whether the satisfaction fees from the 2009 mortgage were still outstanding at the time of the December 6, 2016 demand letter." *Id.* at 15. We conclude that this claim lacks merit. As referenced above, the title insurance company's cover letter tendering payment of the outstanding $340.50 stated the fees applied to both mortgages:

> Enclosed herewith please find our check in the amount of $340.50, representing the balance due in order to satisfy the following mortgages:
>
> $400,000 Premier Bank to M&M Realty Partners, LP dated 10/20/2003 recorded 11/07/2003, Document No. 5080067

> $625,000 Fulton Bank, N.A. to M&M Realty Partners, LP dated 8/27/2009, recorded 9/9/2009 Document 52116014.

**See** Opposition to Summary Judgment at Exhibit I. In addition, Fulton's initial letter referenced both mortgages. Thus, the evidence supported a finding that the outstanding fees applied to both mortgages. There was no evidence to the contrary, such that any failure to distinguish between the two mortgages was not error. No relief is due.

**"SUBSTANTIAL COMPLIANCE" WITH MORTGAGE SATISFACTION ACT**

Next, APR argues that because it substantially complied with Section 721-6(a), the trial court should have denied summary judgment. This claim is waived because APR failed to raise this issue with the trial court. **See** Pa.R.A.P. 302(a) ("Issues not raised in lower court are waived and cannot be raised for the first time on appeal").

Even if APR had preserved this issue for appellate review, we would conclude that it lacked merit. "Under the doctrine of substantial compliance, the trial court may 'overlook any procedural defect that does not prejudice a party's rights.'" **See Green Acres Rehabilitation and Nursing Center v. Sullivan**, 113 A.3d 1261, 1272 (Pa.Super. 2015) (quoting **Womer v. Hilliker**, 908 A.2d 269, 276 (Pa. 2006)). Rule 126 of the Pennsylvania Rules of Civil Procedure "incorporates the doctrine of substantial compliance" and in relevant part provides that: "[t]he court at every stage of any such action or proceeding may disregard any error or defect of *procedure* which does not

affect the substantial rights of the parties." Pa.R.C.P. 126 (emphasis added). The doctrine refers to a liberal construction of the Rules of Civil Procedure. ***See Green Acres Rehabilitation and Nursing Center***, 113 A.3d at 1272. Here, APR argues that it substantially complied with the Mortgage Satisfaction Act, not the Rules of Civil Procedure. Thus, the doctrine does not apply. The argument is meritless and no relief is due.

**EQUITIES FAVORED FULTON BANK**

For its final argument, APR claims that the trial court "erred when it found that the equities favored Fulton Bank." APR's Br. at 15. This claim is waived as well because APR did not raise it with the trial court. ***See In re F.C. III***, 2 A.3d 1201, 1211 (Pa. 2010) ("Issue preservation is foundational to proper appellate review."). We therefore affirm the entry of summary judgment in Fulton's favor and against APR.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Ott concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/19