J-S29004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES D. SCHNELLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HALFPENNY MANAGEMENT CO. AND | : | No. 621 EDA 2021 |
| RICHARD CARR | : | |

Appeal from the Order Entered February 10, 2021
In the Court of Common Pleas of Delaware County
Civil Division at No(s): No. CV-2019-000477

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JANUARY 26, 2022**

James D. Schneller appeals, *pro se*, from the order denying his petition to open or set aside default judgment, granting the motion to dismiss Schneller's complaint filed by Halfpenny Management Co. and Richard Carr (collectively, "Landlord"), and barring Schneller from filing subsequent suits relating to the underlying dispute. The instant action is the latest in a series of proceedings arising from the parties' previous landlord-tenant relationship. Because Schneller has failed to preserve any claims for review, we affirm.

Schneller filed the instant *pro se* complaint on January 18, 2019, alleging claims of discrimination in violation of the Pennsylvania Human

_____

[*] Former Justice specially assigned to the Superior Court.

Relations Act, retaliatory eviction, discriminatory intimidation, discrimination in violation of the Federal Fair Housing Act, and invasion of privacy.

On June 12, 2019, Landlord filed preliminary objections in the nature of a demurrer, arguing that Schneller's claims had been fully litigated, and therefore barred by the doctrines of *res judicata* and collateral estoppel. Schneller subsequently filed preliminary objections to Landlord's preliminary objections, alleging various procedural missteps by Landlord. Landlord filed an answer.

On September 27, 2019, the trial court overruled Schneller's preliminary objections and directed Schneller to file a substantive response to Landlord's preliminary objections within 20 days. Schneller filed an answer on November 20, 2019.[1]

By an order entered on February 13, 2020, the trial court overruled Landlord's preliminary objections, and directed Landlord to file an answer to Schneller's complaint within 20 days. On April 20, 2020, Landlord filed an answer and new matter, again asserting, *inter alia*, that Schneller's claims are barred by the doctrines of *res judicata* and collateral estoppel.[2]

---

[1] Though Schneller filed a motion for extension of time, the docket does not indicate whether the trial court explicitly granted Schneller an extension of time in which to file his answer. However, Landlord did not oppose the motion.

[2] Landlord filed an unopposed motion for extension of time to file an answer. From the docket, it does not appear that the trial court formally ruled on the motion.

On May 17, 2020, Schneller filed preliminary objections to Landlord's new matter, generally alleging deficiencies in the pleading. Landlord filed an answer. On September 21, 2020, the trial court overruled Schneller's preliminary objections and ordered Schneller to respond to Landlord's new matter "as deemed necessary and appropriate" within 20 days.

Schneller did not file a response, and Landlord sent Schneller notice of its intention to seek default judgment. On October 30, 2020, Landlord filed a praecipe to enter default judgment against Schneller based upon his failure to file an answer to Landlord's new matter. The trial court entered default judgment on the same date.

The following day, Schneller filed an answer to Landlord's new matter. On November 2, 2020, Schneller filed a petition to open or set aside default judgment, attributing his delay to "schedule-clogged circumstances." **See** Petition to Open or Set Aside Default Judgment, 11/2/20, at 3. Schneller also argued that his life was thrown into turmoil when he learned that he would undergo wrist surgery earlier than he had anticipated—albeit *after* the deadline for filing the answer. **See id.** Landlord filed an answer, which included a motion to dismiss Schneller's complaint and a request for an order barring Schneller from filing subsequent suits arising from the landlord-tenant relationship. Schneller filed a reply, and the trial court conducted a hearing on the matter.

On February 10, 2021, the trial court entered an order denying Schneller's petition to open or set aside default judgment, dismissing Schneller's complaint, and barring Schneller from filing additional actions related to the parties' prior landlord-tenant relationship. Schneller filed a timely notice of appeal on March 12, 2021.[3] Schneller subsequently filed a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.[4]

As an initial matter, we consider whether Schneller has preserved any claims for our review. In its Rule 1925(a) opinion, the trial court concluded that Schneller waived his claims by failing to substantially comply with Rule 1925(b). **See** Trial Court Opinion, 4/13/21, at 3-5. The trial court stated that Schneller's extensive list of alleged errors hindered its ability to provide meaningful review of the issues he intended to raise. **See id.** at 5.

An appellant must comply with a trial court order to file a Rule 1925(b) concise statement, and failure to comply with the Rule's requirements may result in waiver. **See** Pa.R.A.P. 1925(b)(4)(vii); **Tucker v. R.M. Tours**, 939 A.2d 343, 345 (Pa. Super. 2007). As this Court has explained,

> the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an

---

[3] The docket indicates that Schneller's notice of appeal was filed on March 16, 2021. However, the notice of appeal itself displays a stamped filing date of March 12, 2021.

[4] Landlord did not file a brief in this matter.

- 4 -

> "outrageous" number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review….

*Tucker*, 939 A.2d at 346 (internal citations, brackets and some quotation marks omitted). Further, "a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006) (citation omitted).

Our review confirms the trial court's conclusion that Schneller did not adequately preserve the issues he intended to challenge on appeal. Indeed, Schneller's Rule 1925(b) concise statement includes 38 numbered paragraphs spanning 8 pages in a largely narrative format. While we may liberally construe Schneller's *pro se* filings, we note that "*pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Norman for Estate of Shearlds v. Temple Univ. Health Sys.*, 208 A.3d 1115, 1118-19 (Pa. Super. 2019) (citation omitted).

Beyond bare assertions that he provided more than general denials in response to Landlord's new matter, Schneller provides only vague allegations of trial court error and violations of his constitutional rights. *See Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004) (stating that "when a court has to guess what issues an appellant is appealing, that is not enough for

meaningful review." (citation and brackets omitted)). Further, the trial court's inability to discern Schneller's claims and respond accordingly has impeded our own review. We therefore conclude that Schneller's claims are waived.[5]

Accordingly, we affirm the trial court's order denying Schneller's petition to open or set aside default judgment, granting Landlord's motion to dismiss Schneller's complaint, and barring Schneller from filing additional related suits.

Order affirmed.

---

[5] In his *pro se* appellate brief, Schneller imprecisely presents his arguments that the trial court committed a "pronounced, reversible series of errors[.]" Appellant's Brief at 20. Schneller fails to establish that a fatal defect appears on the face of the record. *See Green Acres Rehab. and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267 (stating that "[a] petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." (citation omitted)). Further, the trial court, while acknowledging the prompt filing of the petition to open, was unpersuaded by Schneller's excuse for failing to timely file his answer. *See id.* at 1270 (explaining that a court may open a default judgment if the petition to open is promptly filed, the failure to file a timely answer is excused, and the petitioning party sets forth a meritorious defense). We discern no abuse of the trial court's discretion in this regard. Thus, even if Schneller had preserved his claims, he would not be entitled to relief. *See Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 178 (Pa. Super. 2009) (upholding the trial court's denial of the appellant's petition to open default judgment based on failure to satisfy the prompt filing and reasonable excuse requirements).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2022